CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILE, VA
FILED
JUN 22 2017
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JOHN DOUGLAS SMITH, | CASE NO. 7:17CV00154 |
| Petitioner, | |
| v. | MEMORANDUM OPINION |
| HAROLD W. CLARKE, DIRECTOR, | By: Hon. Glen E. Conrad<br>Chief United States District Judge |
| Respondent. | |

John Douglas Smith, a Virginia inmate proceeding pro se, filed this action as a petition for a writ of habeas corpus under 28 U.S.C. § 2254. After review of the petition and other court records, the court concludes that his petition must be summarily dismissed as untimely filed.

I.

Smith's submissions and court records available online indicate that on December 17, 1998, he was sentenced in Fluvanna County Circuit Court for convictions of murder and use of a firearm (CR97F00123-00, CR97F00123-00). His appeal to the Court of Appeals of Virginia (No. 0485-99-2) was refused on July 21, 1999, and was then reviewed and refused by a three-judge panel on October 28, 1999. Smith's subsequent appeal to the Supreme Court of Virginia (No. 992707) was refused on March 24, 2000. Smith did not pursue a petition for a writ of habeas corpus in state court. He previously filed § 2254 petitions in this court that were dismissed without prejudice for failure to exhaust state court remedies.

Smith's current § 2254 petition was signed and dated on March 8, 2017, and was received by the United States District Court for the Eastern District of Virginia on March 24, 2017. Because Fluvanna County is within the territorial jurisdiction of this court, the case was transferred here in April 2017. Smith claims that the trial judge "showed hate [and] prejudice against [him] throughout [the] entire trial"; that the "prosecutor showed extreme prejudice"; that

his "lawyers were inexperienced [and] scared of court"; and that a lawyer "was supposed to pursue [his] case on appeal," but failed to do so. (Pet. 5-6, ECF No. 1.) Smith states: "I faced [an] organized crime syndicate, not objective fair-minded court process." (Id. at 5.) He filed this petition seeking to "overturn [the] unlawful conviction," achieve his release, and obtain a monetary settlement.[1]

By order entered May 10, 2017, the court conditionally filed Smith's petition and notified him that it appeared to be untimely filed. The court advised Smith of the procedural history recited above and granted him twenty days to provide additional information to show why his claims should be considered timely filed or should be considered on the merits for other reasons. Smith failed to respond, and the time for his response has expired.

II.

Habeas petitions filed under § 2254 are subject to a one-year statute of limitations. 28 U.S.C. § 2244(d)(1). Generally, the one-year filing period begins to run from the date on which the judgment of conviction becomes final — when the availability of direct review is exhausted. See 28 U.S.C. § 2244(d)(1)(A). Under Rule 4(b) of the Rules Governing Section 2254 Cases, the court may summarily dismiss a § 2254 petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Furthermore, if the district court gives the petitioner notice that the motion appears to be

---

[1] Smith is advised that a monetary settlement is not a form of relief available in a § 2254 petition. See Preiser v. Rodriguez, 411 U.S. 475, 494 (1973) ("If a state prisoner is . . . attacking something other than the fact or length of his confinement, and he is seeking something other than immediate or more speedy release," his cause of action falls outside the "the traditional purpose of habeas corpus."). Smith also cannot currently pursue a civil rights action under 42 U.S.C. § 1983 to recover monetary damages for harms caused by his conviction, because that conviction has not been invalidated. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (stating that "in order to recover damages for . . . harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order . . . or called into question by a federal court's issuance of a writ of habeas corpus. . . . A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.").

2

untimely and allows an opportunity to provide any argument and evidence regarding timeliness, and the petitioner fails to make the requisite showing, the district court may summarily dismiss the petition. See Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002).

Smith's § 2254 petition is clearly untimely filed under § 2244(d)(1)(A).[2] When the Supreme Court of Virginia refused his appeal on March 24, 2000, he had ninety days to petition for a writ of certiorari in the United States Supreme Court. See Clay v. United States, 537 U.S. 522, 525 (2003). Smith does not state that he filed such a petition, and the court finds no evidence that he did so. Accordingly, the court concludes that Smith's convictions became final and his federal habeas filing period began to run on June 22, 2000. That period expired one year later — on June 22, 2001.

The one-year period for filing a federal habeas petition stops running when a post-conviction proceeding is properly filed in a state court and remains stopped while the state proceeding is pending. Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000) (citing 28 U.S.C. § 2244(d)(2)). Because Smith did not file any state habeas corpus proceedings, he cannot claim any tolling of the federal filing period under § 2244(d)(2). Smith states vaguely that he "tried to gain relief" by filing petitions in various federal courts. The pendency of federal court proceedings, however, do not toll the federal filing period under § 2244(d)(2), which applies only to state post-conviction proceedings.

In fact, Smith appears to realize that his petition is untimely. He states: "I was barred from all fairness, justice or due process by extraordinary extralegal process [and] corruption. Impediments have surfaced at every step up to now over my 20-year dilemma in prison." (Pet.

---

[2] Smith does not allege that his claims are timely under § 2244(d)(1)(B), based on removal of a constitutional impediment to filing; under § 2244(d)(1)(C), based on a right newly recognized by the United States Supreme Court; or under § 2244(d)(1)(D), based on newly discovered facts. Thus, the court must calculate Smith's federal filing period under § 2244(d)(1)(A).

3

13.) The court construes these statements as Smith's plea for the court to equitably toll the federal filing period and address the merits of his habeas claims. The court finds no ground for such tolling in Smith's case, however.

Equitable tolling is available only in "those rare instances where — due to circumstances external to the party's own conduct — it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (quotation marks omitted). Under this doctrine, Smith can avoid the time bar only if he can show (A) that he has diligently pursued a judicial remedy but an extraordinary circumstance beyond his control prevented him from meeting the deadline, Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); or (B) that he is actually innocent so that continued confinement works a miscarriage of justice, McQuiggin v. Perkins, __U.S.__, 133 S. Ct. 1924, 1931 (2013). Smith simply has not stated facts making either of these showings, even after the court expressly granted him additional time to provide such information regarding the timeliness of his petition.

III.

In conclusion, the court will summarily dismiss Smith's § 2254 petition as untimely filed. An appropriate order will be entered this day. The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

ENTER: This 22d day of June, 2017.

_____
Chief United States District Judge